### SLOANE *v.* VAN WYCK.

March, 1868.

Reversing 36 *Barb.* 335; and affirming 47 *Id.* 634.

When the maker of an article takes it back after delivery, because it remains unpaid for, the presumption is that the sale is rescinded, unless there is some evidence to show an intent to take it for the purpose of resale on the buyer's account, or otherwise not to discharge the debt due for the price.

If the evidence is conflicting, it is a question for the jury.

William B. Sloane and one Schwartz sued Pierre C. Van Wyck, T. M. Hall and R. Green, in the supreme court, for work, labor and materials in making a planing machine. The machine was ordered in the first instance by Hall and Green.

They subsequently sold the patent and the business to which it related, to Van Wyck. Upon this sale being made, the three defendants called on the plaintiffs, and informed them thereof, and Van Wyck subsequently received the machine when completed.

The machine not being paid for, the plaintiffs took it down and removed it; and then sued all the parties, charging them jointly, and offering to deliver the machine on being paid.

*The supreme court,* after the first trial, held that if Van Wyck was liable at all, it must be because he impliedly or expressly directed the plaintiffs to complete it, and in that case he was substituted for the original debtors, upon the machine being delivered and charged to him alone. As to the retaking of the machine; that if the plaintiffs intended to take it as a substitute for the debt, and relieve defendant from all liability, then they could not now recover for it; but if they merely took it for the purpose of making a sale of it on account of Van Wyck, then they were not prevented from recovering. This question was left to the jury. Reported in 36 *Barb.* 335.

Defendant appealed.

THIS COURT held (in an opinion by WRIGHT, J.) that as there was no evidence that plaintiffs took back the machine for the purpose of making a resale, the legal conclusion was that the sale was rescinded, and, therefore, plaintiffs could not recover. A new trial was accordingly ordered.

On the second trial, it was testified that Van Wyck told one of the plaintiffs that the owner of the premises where defendants had the machine, claimed a lien on it; and that plaintiffs had better take it away, else it would be sold. This was contradicted. The question of intent in the retaking was again left to the jury, and plaintiffs again had a verdict.

*The supreme court* affirmed the judgment thereon, on the same grounds taken by this court in the following opinion. Reported in 47 *Barb.* 634. Defendant appealed.

The question in this court was whether there was evidence

to go to the jury, on the question of a resale, sufficient to control the legal effect of the taking back the property as determined by this court, when the cause was previously before it.

*C. N. Black,* for defendants, appellants.

*M. L. Townsend,* for plaintiffs, respondents.

By the Court.—Clerke, J.—The only question in this case is, was there conflicting evidence to go to the jury on the point alleging that the plaintiffs took back the machine in discharge of the indebtedness of Van Wyck, incurred in the purchase of it. This court decided, when the case was last here, that there was no conflicting evidence on this point; that from the plaintiffs' own evidence, it was clear that they took back the machine in discharge of that indebtedness.

Schwartz testifies that Van Wyck told him that Wood, the owner of the premises occupied by the defendant, claimed to have a lien upon the machine; that it would be sold for rent, and that the plaintiffs had better take it away. Van Wyck told him to sell it. This would not be sufficient to exonerate the defendant from liability for a deficiency on the sale, if there should be a deficiency. But the defendant testifies that he never directed Schwartz to sell it. There was a conflict on what I consider an essential point. For, if the plaintiffs resumed possession of the machine without any such direction from the defendant, and without any qualification, the legal conclusion would be, as Judge Wright mentioned in his opinion—to wit, that the sale was rescinded.

Van Wyck testifies that when he spoke to Schwartz about taking the machine away, he told him he must not trouble him (Van Wyck) any further about it, and that Schwartz said he would be satisfied to do so. Sloan, the other plaintiff, who was present on the occasion referred to, swears that Van Wyck did not say that they were not to trouble him again. Schwartz corroborated Sloan. I think in all this there was a plain conflict of evidence on an essential point—the release of the defendant's liability by the redelivery of the machine to the plaintiffs. Was this redelivery for the purpose of satisfying

the debt due to the plaintiffs, or was it merely for the purpose of selling it on account, and applying the proceeds to its payment? This was fairly put to the jury.

I have assumed throughout that the defendant was liable as purchaser of the machine, and that his substitution in the place of Hall & Green was tantamount to an original promise. This point is disposed of in Judge WRIGHT's opinion. This court reversed the judgment, and ordered a new trial, solely on the ground that there was not a particle of evidence to show that the machine was taken by the plaintiffs, on the order of the defendant, to enable them to sell it, and apply the fruits of the sale toward the discharge of the debt.

The judgment should be affirmed, with costs.

All the judges concurred.

Judgment affirmed, with costs.